UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

ADVENTIST HEALTH SYSTEM, et al.,

        Plaintiffs,

  v.

BARBARA CLARK,

        Defendant.

NO. CIV. S-06-1465 FCD KJM PS
NO. CIV. S-06-1466 FCD KJM PS
NO. CIV. S-06-1467 FCD KJM PS
NO. CIV. S-06-1468 FCD KJM PS
NO. CIV. S-06-1470 FCD KJM PS
NO. CIV. S-06-1471 FCD KJM PS
NO. CIV. S-06-1472 FCD KJM PS
NO. CIV. S-06-1473 FCD KJM PS

MEMORANDUM AND ORDER

----oo0oo----

These matters are before the court on *pro se* defendant Barbara Clark's ("Clark") motion to "vacate, amend or make moot" the court's order of September 5, 2006, summarily remanding the above entitled actions to the Superior Court of California, County of Placer.[1]  In said order, the court adopted the magistrate judge's findings and recommendations of July 13, 2006,

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. See E.D. Cal. Local Rule 78-230(h).

1

finding that the case was improvidently removed as no basis for federal subject matter jurisdiction existed. By the underlying state court actions, plaintiffs sought a stay away order against Clark, prohibiting her from making further threats of violence against plaintiffs' employees.

Clark's instant motions, brought pursuant to Fed. R. Civ. P. 59(e),[2] are HEREBY DENIED. Remand orders based on 28 U.S.C. § 1447(c) are unreviewable on "appeal or otherwise." 28 U.S.C. § 1447(d). This statutory language has "universally [been] construed to preclude not only appellate review but also reconsideration by the district court." Seedman v. U.S. District Court, 837 F.2d 413, 414 (9th Cir. 1988). Once a district court certifies a remand order to state court it is "divested of jurisdiction and can take no further action on the case." Id. As such, the court is without jurisdiction to hear the subject motions.

IT IS SO ORDERED.

DATED: October 13, 2006

/s/ Frank C. Damrell Jr.
FRANK C. DAMRELL, Jr.
UNITED STATES DISTRICT JUDGE

---

[2] In moving to vacate the court's September 5, 2006 order, Clark also seeks to vacate the court's subsequent order of September 6, 2006, striking her cross-claims filed in each matter as moot on the basis of the court's remand order.

2